IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| AMANDA L. B.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 24-2489-JWL |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the vocational expert's (hereinafter VE) testimony, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

**I.     Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for SSI benefits on June 2, 2021. (R. 32, 393-98). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ failed to account for nonexertional limitations resulting from fatigue, failed properly to evaluate the opinions of the state agency psychological consultants, failed to resolve apparent conflicts between the VE testimony and the Dictionary of Occupational Titles (|DOT), and failed to determine whether the remaining occupations available to Plaintiff consisted of a significant number of jobs.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Because the court finds error in the ALJ's evaluation of apparent conflicts between the VE's testimony and information in the DOT, it will not provide an advisory opinion regarding the other issues. Plaintiff may present arguments regarding the remaining issues to the ALJ on remand.

**II.  Discussion**

Plaintiff argues the ALJ's RFC limitation to "understand and remember simple instructions … for simple repetitive tasks" (R. 39) appears to conflict with the ability to

4

perform jobs within the occupation of a Data-Examination Clerk which require Reasoning Level 3, the ability to, "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  DICOT 209.387-022, 1991 WL 671788 (GPO DOT 1991).  Plaintiff cites Hackett, 395 F.3d at 1176, for the proposition that an RFC limitation to simple and routine tasks seems inconsistent with the demands of Level 3 Reasoning.  (Pl. Br. 12).  Plaintiff also argues that limitation appears to conflict with the ability to perform jobs within the occupations of Sorter, Touchup Screener, Sack Repairer, and Film-Touchup Inspector which require Reasoning Level 2, the ability to "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  DOT, App. C, III, 02 Level Reasoning Development (G.P.O. 1991), available online at, Appendix C: Components of the Definition Trailer - DOT Dictionary of Occupational Titles, last visited, Nov. 5, 2025.  Plaintiff cites eight District of Kansas cases and one District of New Mexico case in support of her argument.  (Pl. Br. 14-15).

In his response brief, the Commissioner argues the apparent conflicts argued by Plaintiff were resolved by the VE, who testified that the Data-Examination Clerk, and the Bill Sorter occupations, though classified as SVP (Specific Vocational Preparation) Level 3 occupations had a subset of jobs within those occupations which could be performed at SVP Level 2.  (Comm'r Br. 15) (citing R. 117).  He then argues, "While the vocational expert testified in terms of SVP level, this reasonably corresponds to reduced complexity

in the work." (Pl. Br. 15).  He points out the definition of unskilled work involves performing simple duties and that unskilled work corresponds to SVP Level 1 or 2 work. Id.  He then concludes,

> Thus, the vocational expert carved out a subsection of the two occupations that, from his expert knowledge, could be performed even with a restriction to simple work (Tr. 117).  This unchallenged expert testimony provided substantial evidence meeting the ALJ's burden at step five.

Id. (citing Biestek v. Berryhill, 587 U.S. 97, 105-06 (2019) (recognizing a vocational expert's testimony as substantial evidence as to job numbers supporting the agency's burden at step five)).  He argues Plaintiff failed his burden to demonstrate error because "the vocational expert testimony reasonably reconciled any apparent conflict between the DOT and the restriction to simple work." Id. at 16.

Finally, the Commissioner points out the Tenth Circuit in Hackett, 395 F.3d at 1176, "held that a limitation to 'simple and routine work tasks' was inconsistent with the demands of GED [General Educational Development] Reasoning Level 3 but was consistent with the demands of GED Reasoning Level 2." Id. (also citing Stokes v. Astrue, 274 F. App'x. 675, 684 (10th Cir. 2008) (citing Hackett and reiterating that a limitation to simple work tasks is not inconsistent with Level 2 reasoning involving detailed but uninvolved instructions)).  He also notes this court has "held that no conflict exists between simple work and GED Reasoning Level 2." Id. 16-17 (citing Danette Renee G. v. Kijakazi, Civ. A. No. 21-2475-JWL, 2022 WL 17338283, at *10 (D. Kan. Nov. 30, 2022); Karen Jean M. v. Saul, Civ. A. No. 19-2455-JWL, 2020 WL 5057488, at *14 (D. Kan. Aug. 27, 2020); and Kyle Edward Victor G. v. Saul, Civ. A. No. 19-2518-

6

JWL, 2020 WL 3960422, at *11 (D. Kan. July 13, 2020)). Citing Galloway v. Kijakazi, 46 F.4th 686, 690 (8th Cir. 2022), he points out the Eighth Circuit has held consistently with this court's position.

In her Reply Brief, Plaintiff argues, "

> Defendant either attempts to substitute (or conflates) the Specific Vocational [Preparation] ("SVP") scale … with the reasoning level scale … . The Defendant is mis[taken] in conflating the SVP number – which measures [preparatiom] based on how long it takes to learn a job – with the reasoning level numbers – which [measure] the complexity of instructions and cognitive processing. The ALJ's failure to differentiate these concepts underscores the lack of a valid resolution of the conflict.

(Reply 6) (citation omitted). She then argues, "because at least some of the six jobs identified are questionable due to unresolved conflicts as argued above, the ALJ has an obligation to evaluate whether the remaining jobs constitute a significant number in the national economy." Id. (citing Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004)).

As both parties agree, the Hackett court determined the mental ability to perform only "simple and routine work tasks" is insufficient to perform "the demands of level three reasoning." 395 F.3d at 1176 (citing Lucy v. Chater, 113 F.3d 905, 909 (8th Cir 1997)). The Hackett court went on to note, "level-two reasoning appears more consistent with [Ms. Hackett's] RFC." Id. As the Commissioner suggests, this court has long held that the mental RFC to perform "simple and routine work tasks;" "simple work;" "simple instructions;" "detailed but uninvolved instructions to perform simple, routine, and repetitive tasks;" "simple, repetitive, routine tasks and to making simple work-related decisions;" or "simple, repetitive, routine tasks with simple, work-related decisions and few, if any, workplace changes," are sufficient to handle the demands of occupations

7

requiring Reasoning Level 2.  Danette Renee G., 2022 WL 17338283, at *10; Stephanie Beth D. v. Kijakazi, Civ. A. No. 20-2622-JWL, 2022 WL 1136192, at *9 (D. Kan. April 18, 2022); Karen Jean M., 2020 WL 5057488, at *14; and Kyle Edward Victor G., 2020 WL 3960422, at *11.

It is apparently based upon the facts that this broad range of mental RFC assessments equates to unskilled work, that an SVP Level of 1 or 2 also equates to unskilled work, and that the VE testified that a portion of the jobs within the SVP 3 (semiskilled) occupations of Bill Sorter and Data Clerk are actually unskilled (SVP 2) that the Commissioner in his brief argued that the ambiguities had been adequately resolved.  However, as this court is aware, some unskilled work requires the mental ability for Level 3 Reasoning.  Carolyn J. S. v. Saul, Civ. A. No. 18-4049-JWL, 2019 WL 2523575, *2 (D. Kan. June 19, 2019) (the occupation of a Mail Clerk is unskilled (SVP 2) but is Reasoning Level 3).

Moreover, the Data Clerk occupation present here—even the portion the VE testified is at SVP 2 level (unskilled) requires Reasoning Level 3.  DICOT 209.387-022, 1991 WL 671788 (G.P.O. 1991).  While the Commissioner's argument implies the VE's testimony also support's adjusting the Reasoning Level to 2, that is not what the VE testified.  (R. 117) ("[Data Clerk] is sedentary, SVP 3, but it's my professional opinion there would be about 9,300 of those jobs remaining at SVP 2.").

Thus, following its past reasoning, and finding the non-binding district court precedent cited by Plaintiff unpersuasive for the reasons cited in Danette Renee G., 2022 WL 17338283, at *10; Stephanie Beth D., 2022 WL 1136192, at *9; Karen Jean M.,

2020 WL 5057488, at *14; and Kyle Edward Victor G., 2020 WL 3960422, at *11, the court finds no error in the ALJ's accepting the VE's testimony that the 16,000 jobs in the occupations of Bill Sorter, Table Worker, Touchup Screener, Sack Repairer,[2] and Inspector are within the mental ability of Plaintiff.

Although this court believes Hackett was wrongly decided, it is binding Tenth Circuit precedent, and the court must therefor find that the Reasoning Level 3 of the Data Clerk occupation requires greater mental functional capacity than that assessed for Plaintiff. Carolyn J. S., 2019 WL 2523575, at *2-3.

Consequently, although the ALJ found that 25,400 representative jobs in the national economy was a significant number, eliminating the 9,300 jobs available in the Data Clerk occupation leaves only 16,100 representative jobs. As Plaintiff points out judicial line-drawing regarding a significant number of jobs in the national economy is inappropriate. (Reply 6) (citing Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004); and Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992)). 16,100 representative jobs is an insufficient number of jobs for the court to determine as a matter of law that it is a significant number. Therefore, remand is necessary for the Commissioner to make that determination in the first instance.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision in this case for further proceedings consistent with this decision.

---

[2] The ALJ's decision refers to this occupation as a "Fax" Repairer, but as Plaintiff points out, 782.687-046 is the DOT identification for the occupation of a "Sack Repairer."

9

Dated November 6, 2025, at Kansas City, Kansas.

                                                                                   s/ John W. Lungstrum
                                                                                   **John W. Lungstrum**
                                                                                   **United States District Judge**